IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 14-cv-01279-MSK

**REYNOLDS POLYMER TECHNOLOGY, INC.,**

    Plaintiff,

v.

**DAVID G. DUFF;**

**ADVANDCED AQUARIUM TECHNOLOGIES PTY LTD,**

    Defendants.

## OPINION AND ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Temporary Restraining Order and Expedited Discovery (**#6**).

According to the Verified Complaint (**#1**), Defendant David Duff was formerly employed by Plaintiff Reynolds Polymer Technology, Inc. ("Reynolds") as Vice President of Research and Development. In that position, he had "access to Reynolds' most critical trade secrets." In conjunction with his employment, Mr. Duff executed a secrecy agreement in which he agreed not to "use Reynolds Polymer's trade secrets for [his] own benefit or disclose them to others during or after [his] employment." The Verified Complaint alleges further that on November 13, 2013, Mr. Duff accessed, and possibly copied, numerous computer files containing trade secret information from Reynolds' network. Mr. Duff resigned from his employment with Reynolds effective November 22, 2013. The Verified Complaint also alleges that, currently, Mr. Duff is working for a competitor of Reynolds, Advanced Aquarium Technologies (AAT), and that Mr.

Duff has disclosed Reynolds' trade secrets to AAT. Mr. Duff has been working for AAT since at least March 2014.

The Verified Complaint asserts seven causes of action, five of which are asserted against Mr. Duff: (i) violation of the Computer Fraud and Abuse Act (CFAA), 18 U.S.C. § 1830; (ii) breach of contract; (iii) violation of the Colorado Uniform Trade Secrets Act, C.R.S. § 7-74-101; (iv) common law conversion; and (v) breach of fiduciary duty and duty of loyalty.[1]

On May 6, 2014, Reynolds filed the instant Motion for Temporary Restraining Order and Expedited Discovery requesting that Mr. Duff be prohibited from disclosing or otherwise using Reynolds' trade secrets he misappropriated while still employed by the company.

To obtain a temporary restraining order under Rule 65(b) a party must first make a threshold procedural showing by: (i) an affidavit or verified complaint that demonstrates that immediate and irreparable injury will result before the adverse party can be heard in opposition; and (ii) certification by the movant's attorney of " any efforts made to give notice and the reasons why it should not be required." Fed.R.Civ.P. 65(b)(1)(A), (B). If the procedural showing is made, the Court considers whether the traditional preliminary injunction factors are satisfied: (i) the potential for imminent and irreparable harm to the movant; (ii) the movant's likelihood of success on the merits; (iii) the potential harm to the movant if relief is denied outweighing the harm to the non-movant that may result if the request is granted; and (iv) that the requested relief would not result in harm to the public interest. *See Schrier v. University of Colo.,* 427 F.3d 1253, 1259 (10th Cir.2005).

Reynolds has not complied with the procedural requirements of Rule 65(b)(1)(A). First, construing the well-pled allegations of the Complaint most favorably to Reynolds, it has not

---

[1] The claims asserted against AAT are not relevant to this Motion because Reynolds is not seeking a Temporary Restraining Order against AAT.

shown that it will suffer the irreparable injury "before the adverse party can be heard in opposition."  Rule 65(b)(1)(A)  To the extent that Mr. Duff has transferred Reynold's information to ATT, as is alleged,  it is ATT's use of the information that has or will cause Reynolds to suffer a diminished competitive position in the marketplace.  But the Motion for Temporary Restraining Order is not directed at ATT, but instead at Duff.  Neither the Complaint nor the Motion addresses what action by Mr. Duff could be restrained to prevent injury to Reynolds. [2]

Second, the Motion does not explain why it must be heard before giving notice to Mr. Duff.  Apparently, there was an attempt to serve Mr. Duff the evening before the Motion was filed, and attempted email notification, but there is no assertion that Mr. Duff is aware of the pendency of this action or of the instant Motion, or that irreparable injury will occur before appropriate notice is given.

Accordingly, the Court finds that the Plaintiff has failed to satisfy the requirements of Rule 65(b)(1), and the request for a temporary restraining order is denied on that basis.

**IT IS THEREFORE ORDERED** that

(1) Reynolds' Motion for Temporary Restraining Order and Expedited Discovery (**#6**) is **DENIED**.  The Court will consider Reynolds' motion as a Motion for Preliminary Injunction.

(2) Reynolds is directed to serve Defendants with the Summons, copies of the Verified Complaint, the  Motion, and this Order.

(3) Defendants are directed to file a response to Reynolds' request for a preliminary injunction.

---

[2]  Even if injury by Mr. Duff's actions is continuing,  the injury began on or before March 2014 and  has continued through May 6, 2014. Because Reynolds experienced several weeks of injury before seeking relief, the need for immediate, *ex parte* intercession by the Court to prevent further injury diminished.

(4) A non-evidentiary hearing is set for Thursday, May 15, 2014 at 1:30 p.m. At that hearing, the parties shall be prepared to address the need for an evidentiary preliminary injunction hearing and the scheduling thereof, and any other matters relating to Reynolds' request for provisional relief.

Dated this 8th day of May, 2014.

**BY THE COURT:**

*Marcia S. Krieger*

Marcia S. Krieger
Chief United States District Judge