IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-01279-MSK-KLM

REYNOLDS POLYMER TECHNOLOGY, INC.,

    Plaintiff,

v.

DAVID G. DUFF, and
ADVANCED AQUARIUM TECHNOLOGIES PTY LTD,

    Defendants.

_____

**MINUTE ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Plaintiff **Reynolds' Unopposed Motion to Restrict Access** [#61][1] (the "Motion"). In accordance with D.C.COLO.LCivR 7.2(d), the Motion was publicly posted to allow for any objections to the sealing of the documents. No timely objections were filed. Pursuant to D.C.COLO.LCivR 7.2, the Court finds that the presumption of public access to Court files is outweighed by the parties' interest in privacy, and the parties have shown that a less restrictive alternative is not practicable. Accordingly,

    IT IS HEREBY **ORDERED** that the Motion [#61] is **GRANTED**.

    IT IS FURTHER **ORDERED** that the Clerk of the Court is directed to maintain the forty-one documents filed as exhibits to Plaintiff's Reply in Support of Motion For Preliminary Injunction [#62] and the forty-one documents filed as exhibits to Plaintiff Reynolds' Response to AAT's Motion to Dismiss [#63] **UNDER RESTRICTION** at **LEVEL 1**[2].

    Dated: October 21, 2014

---

[1] "[#61]" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Minute Order.

[2] Level 1, the least restrictive, limits access to the documents to the parties and the Court. *See* D.C.COLO.LCivR 7.2.